**Alan Lee BROWN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 2970.**

United States District Court
S. D. California, S. D.

Feb. 26, 1964.

Smith, Prante & Biggins, San Diego, Cal., for petitioner.

Francis C. Whelan, U. S. Atty., Los Angeles, Cal., for respondent.

WEINBERGER, District Judge.

Petitioner has made affidavit of poverty, and his petition to vacate his sentence (under Section 2255 of Title 28 U.S.C.A.) has been ordered filed.

It appears that on January 16, 1961 petitioner was sentenced to imprisonment for a period of three years; execution of sentence was suspended and defendant placed on probation for a period of four years. Shortly thereafter, jurisdiction for purposes of probation was transferred to the Southern District of Illinois.

On September 18, 1963, the Court for said Southern District of Illinois, ordered petitioner's probation revoked, and committed him to serve the sentence theretofore imposed by this Court.

Petitioner now claims that our sentence should be set aside. He claims that at the time he was sentenced (for transporting a stolen car from Mexico to the United States) he was not in possession of knowledge with reference to the elements of the offense he was charged with committing, i. e. that he did not realize that in order to be guilty of the offense charged he must have transported the car across the International Border *with knowledge* that the car was stolen; that while he did transport the car, he did not know at the time that it was a stolen vehicle; that had he been given counsel, he would have been apprised of the elements of the offense charged, and thus would not have pleaded guilty; that he waived counsel because an agent of the Federal Bureau of Investigation who took his statement said to him (quoting from petitioner's affidavit): " 'that there were two witnesses against me and the best I could hope for was probation and that in my particular case a lawyer wouldn't do me any good.' "

Presumably the agent to whom petitioner refers as having taken petitioner's statement is Agent John D. Armstrong. The latter's affidavit was filed by the United States Attorney on February 19, 1964, and contains a denial by the agent that he made the statement ascribed to him by petitioner.

A question of fact is here presented, the resolution of which may or may not show a violation of petitioner's constitutional rights; a hearing should be had, at which testimony should be adduced.

It is ordered the United States Attorney will proceed forthwith to prepare the necessary writ to bring the petitioner before the Court on March 23, 1964 at 10:00 o'clock A.M.

It appearing that petitioner is unable to employ counsel, it is further ordered that Smith, Prante, and Biggins, Attorneys at Law, be appointed as counsel for petitioner in the matter of petitioner's hearing under Section 2255 of Title 28 U.S.C.A. and for no other proceedings.

It is further ordered that the Clerk cause to be furnished to said counsel copies of the following:

Petitioner's petition filed November 20, 1963,

Respondent's Memorandum filed December 9, 1963,

Petitioner's affidavit filed January 24, 1964,

Affidavit of John D. Armstrong filed February 19, 1964.